■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CUBBY GIBSON, Also Known as JOHN SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Plumadore, J.), rendered July 10, 1984,

convicting him of criminal possession of a weapon in the third degree, coercion in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the propriety of the prosecutor's summation remarks alleging that the defendant had intended to commit a robbery prior to his arrest on the instant charges was not raised at trial and thus has not been preserved for appellate review (see, CPL 470.05 [2]). In any event, neither these remarks nor the prosecutor's similar statements made during his cross-examination of the defense witnesses, some of which were objected to by defense counsel, require reversal of the judgment of conviction in view of the overwhelming proof of guilt against the defendant (see, People v Morgan, 66 NY2d 255, 259).

We also reject the defendant's contention that the trial court committed reversible error in denying his request for an adjournment to permit him an opportunity to retain private counsel. It is well established that "absent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (People v Arroyave, 49 NY2d 264, 271; see also, People v Tineo, 64 NY2d 531; People v Dixon, 127 AD2d 785, lv denied 70 NY2d 645; People v Crown, 51 AD2d 588). Based on the circumstances of this case, we find that the trial court properly denied the defendant's request. The defendant's assigned counsel had represented the defendant for approximately 17 months during which time the defendant's first trial, which ended in a mistrial, had been conducted. At no time during that period did the defendant register a complaint regarding counsel's representation.

On the second day of his retrial, after the jury selection process was completed, the defendant sought an adjournment to allow him an opportunity to retain private counsel with funds to be provided by his mother. In support of his application, the defendant claimed that his assigned counsel was not providing him with proper representation in view of counsel's failure to object to certain remarks made by the prosecutor in the first trial. The record, however, indicates that the defendant was merely seeking to delay the retrial because he was informed that the prosecution intended to call as a witness

one of the arresting police officers who was unavailable to testify at the defendant's first trial. That officer's testimony was in contradiction to the defendant's intended defense. In view of these facts, we agree with the trial court's determination that the defendant failed to establish "exigent or compelling circumstances" which would warrant the granting of his application. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.