■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LYONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Ritter, J.), rendered May 30, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the discovery of his finger-prints on the inside lock cover of a safe and on a file drawer located in an office of the burglarized premises, immediately subsequent to the burglary, was legally insufficient evidence to support the conviction of burglary in the third degree. However, as the defendant failed to raise a specific objection on this ground in his motion for a trial order of dismissal, the issue is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858, affg 125 AD2d 207; People v Udzinski, 146 AD2d 245; People v Bailey, 146 AD2d 788; cf., People v Kilpatrick, 143 AD2d 1). In any event, the circumstantial evidence in this case was sufficient to "exclude to a moral certainty every reasonable hypothesis" but that of guilt (People v Way, 59 NY2d 361, 363). Two executive employees of the business which occupied the burglarized premises testified that as of the late afternoon of Friday, December 16, 1983, the premises and the safe, which contained, inter alia, money, were secured; and that early the following Monday morning, after having been notified by the police that the alarm on the premises had gone off, they found the safe damaged and property, including money, missing. These witnesses further testified that the defendant had no authority to enter the premises or open the safe. That proof, coupled with the fingerprint evidence, established every element of the crime of burglary in the third degree beyond a reasonable doubt.

The defendant's contention that the conviction on the burglary charge is inconsistent with the acquittal on the charges of grand larceny and criminal mischief was not preserved for appellate review since the defendant failed to object on this ground prior to the discharge of the jury (see, People v Satloff, 56 NY2d 745). Moreover, the acquittal on the grand larceny and criminal mischief charges did not negate any element of the crime of burglary in the third degree (see, People v Tucker, 55 NY2d 1). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.