■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO M. MUNIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 25, 1988, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stated during the plea allocution that he was satisfied with the representation provided by his assigned counsel. However, one month later, when he appeared for sentencing, the defendant advised the court that he wished to substitute attorneys and alleged that his assigned counsel had tricked him into pleading guilty. The proposed substitute attorney was present in the courtroom and requested an adjournment in order to investigate the matter. The court denied the defendant's motion. We conclude that the court's decision was not an improvident exercise of its discretion. The record fails to reveal compelling circumstances which would warrant granting such a request at that stage of the proceedings *(see, People v Tineo,* 64 NY2d 531; *People v Arroyave,* 49 NY2d 264; *People v Gibson,* 137 AD2d 553).

At his plea allocution, the defendant stated that he understood the plea, that he had discussed it with his attorney and that he had authorized his attorney to enter a plea of guilty. He indicated that he had no questions about the plea, that no undisclosed promises were made to induce his plea and that he was pleading guilty of his own free choice, without any reservations. He waived his right to trial and admitted selling two ounces of cocaine to an undercover police officer. In view of these statements by the defendant, the court could readily conclude that his motion to substitute counsel was merely a tactic to delay the imposition of sentence. We note that the defendant had at least four previous convictions based upon guilty pleas and therefore was not a novice in such proceedings.

We further find that the sentencing court did not improvidently exercise its discretion when it refused to permit the defendant to withdraw his plea of guilty *(see, People v Frederick,* 45 NY2d 520). The transcript of the plea allocution reveals a detailed inquiry by the court and is sufficient to establish that the defendant knowingly and voluntarily pleaded guilty. The defendant's allegations that he was confused, that there was an undisclosed promise of a dismissal by his attorney and that the court unduly pressured him are refuted by the record *(see, People v Losicco,* 137 AD2d 621).

Finally, we conclude that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.