■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN CRANE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered July 23, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The instant appeal involves the forcible taking of a moped on December 5, 1985, for which the defendant was convicted of robbery in the first degree. We conclude that the defendant's judgment of conviction must be reversed by reason of the trial court's denial of the defendant's request for a charge on intoxication. According to the complainant, the defendant had trouble walking in the direction of the complainant; he would repeatedly stop and lean against cars before continuing towards the complainant. The defendant's speech was also rambling and his breath smelled of alcohol. When the complainant reported the robbery in a 911 telephone call, he informed the police that the perpetrator "had been drinking a lot". Although the complainant testified that he could not determine if the defendant was drunk, he admitted that on two occasions prior to trial he had stated that the defendant was intoxicated at the time of the incident. The arresting officer, who apprehended the defendant about three hours after the crime, testified that the defendant appeared intoxicated. The officer recorded this opinion in his "Continuation Report". According to the arresting officer, the defendant seemed groggy, responded slowly to questions, walked slowly, and was "slightly uneasy on his feet".

"Where the issue on appeal is whether a particular theory of defense should have been charged to the jury, the evidence must be viewed in the light most favorable to the defendant" (People v Farnsworth, 65 NY2d 734, 735). When so viewed, the testimony of the complainant and the arresting officer regarding the defendant's appearance and conduct at the time of the commission of the crime and at the time he was apprehended constituted "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (People v Perry, 61 NY2d 849, 850). Accordingly, the court erred in declining to charge the jury as to the effect of intoxication on the element of intent.

We note that although the issue has not been preserved for appellate review (see, CPL 470.05 [2]; People v Medina, 53

NY2d 951, 953), the trial court also erred in omitting from its charge pertaining to the elements of robbery in the first degree (Penal Law § 160.15 [3]), the statutory definition of "serious physical injury" *(see,* Penal Law § 10.00 [10]). The crime of robbery in the first degree, as charged in the indictment, is defined as a forcible stealing of property during the course of which the defendant or a participant in the crime "[u]ses or threatens the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]). The term "dangerous instrument" is defined, *inter alia,* as "any instrument * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13] [emphasis added]). In view of the fact that the term "serious physical injury" is relevant to the issue of whether the defendant used or threatened the use of a dangerous instrument during the course of the robbery, the jury should have been instructed as to the definition thereof (Penal Law § 10.00 [10]). On this point, we note that, contrary to the defendant's contention, the evidence adduced at trial, when viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish that the knife utilized by the defendant, which was described as a "butter" or "dinner" knife, constituted a "dangerous instrument" within the meaning of Penal Law § 10.00 (13). The complainant testified that the knife felt sharp and pointy and it made him lean forward when it was applied with pressure against his back. Given the manner in which the knife was used and assuming that the jury found after proper instruction that it was capable of causing death or serious physical injury, the jury could have concluded that the knife was a dangerous instrument *(see, People v Carter,* 53 NY2d 113). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.