■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SUTTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 30, 1988, convicting him of burglary in the first degree (two counts), robbery in the first degree, rape in the first degree, and assault in the second degree (two counts) upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to adduce legally sufficient evidence that the complainant Elizabeth Romero suffered a "physical injury" as defined in Penal Law § 10.00 (9) in order to sustain his convictions of burglary in the first degree and assault in the second degree. However, as the defendant did not raise a specific objection on this ground in his motion for a trial order of dismissal, the issue is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Lyons,* 154 AD2d 715; *People v Udzinski,* 146 AD2d 245). In any event, the evidence that the defendant threw a 10-inch-long knife at the complainant Romero, striking her in the hand, forearm, and chest, and requiring seven stitches, supported a finding by the jury that the pain suffered by the complainant was substantial *(see, People v Rojas,* 61 NY2d 726; *People v Murray,* 156 AD2d 722; *People v Rosa,* 155 AD2d 698).

Additionally, viewing the identification evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. Both complaining witnesses had ample opportunity to observe the defendant at close range, and under good lighting conditions, for at least half an hour after he forced his way inside their apartment. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions

and find that they are unpreserved for appellate review or without merit. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.