■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOREN MACCARY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 29, 1988, convicting him of assault in the second degree (two counts), coercion in the first degree, and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the case is remitted to Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, who at the time of this incident was a New York City police officer, was convicted of two counts of assault in the second degree in connection with an assault upon the complainant who, at the time of the assault, was under arrest and in custody in a police precinct. Under the first count, the defendant was convicted of causing "physical injury" to the complainant through his use of a "dangerous instrument" during the assault *(see,* Penal Law § 125.05 [2]). Under the

second count, the defendant was convicted of causing physical injury to the complainant in the course of the commission of a felony *(see,* Penal Law § 120.05 [6]).

The defendant contends that the prosecution failed to adduce legally sufficient evidence that the "stun gun" used during the assault was a "dangerous instrument" or that the complainant suffered "physical injury" as a result of its use. As the defendant did not raise a specific objection on this ground in his motion for a trial order of dismissal, the issue is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Colavito,* 70 NY2d 996; *People v Bynum,* 70 NY2d 858; *People v Stahl,* 53 NY2d 1048; *People v Sutton,* 161 AD2d 612; *People v Udzinski,* 146 AD2d 245). In any event, a dangerous instrument is "any instrument * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; *see also,* Penal Law § 10.00 [10]). Evidence was adduced at the trial to the effect that a stun gun, if applied to the body for a sufficient period of time, could cause serious or protracted disfigurement, substantial pain and burns to the body and, if applied to the eye, loss or impairment of the functioning of the eye. Additionally, evidence was adduced at the trial that, while the defendant restrained the complainant, the defendant's accomplice applied the stun gun several times to the complainant's body for several seconds during each application and that extreme pain, severe skin lesions and "significant" burns were thereby caused. There was an ample basis upon which the jury could reasonably conclude that a stun gun, as used herein, was a dangerous instrument *(see, People v Galvin,* 65 NY2d 761; *People v Carter,* 53 NY2d 113; *People v Crane,* 156 AD2d 704; *People v Ludwig,* 155 AD2d 558). Similarly, there was legally sufficient evidence to support the jury's finding that the complainant suffered "physical injury" as a result of the assault *(see,* Penal Law § 10.00 [9]; *see also, People v Greene,* 70 NY2d 860; *People v Maturevitz,* 149 AD2d 908).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Although the defendant asserts that the complainant and his wife contrived their accounts of the incident because of their "hatred" for the police, issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the trier of fact *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be

disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant was tried with three codefendants who were charged with an involvement in either the assault upon the complainant at the precinct or an assault upon the complainant at his residence at the time of the complainant's arrest, earlier in the day *(see, People v Pike,* 173 AD2d 649 [decided herewith]). Prior to the trial, the defendant's motion for a separate trial had been denied. The defendant now asserts that he was thereby deprived of a fair trial. We disagree. The theory of the defendant's case, that the complainant's account was entirely fabricated, was in complete harmony with those of his codefendants. Under such circumstances, the denial of the defendant's motion for a separate trial neither resulted in unfair prejudice to the defendant nor substantially impaired his defense *(see,* CPL 200.40; *People v Cruz,* 66 NY2d 61, *revd on other grounds and remanded* 481 US 186, *on remand* 70 NY2d 733; *People v Compitiello,* 118 AD2d 720; *see also, People v Mahboubian,* 74 NY2d 174, 183-184).

Under the circumstances of this case, involving the betrayal by the defendant of the public trust, the sentence imposed was not excessive *(see, People v Logan,* 145 AD2d 437, *affd* 74 NY2d 859; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.