■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PIKE, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Finnegan, J.), both rendered March 29, 1988, convicting him of assault in the second degree, attempted coercion in the first degree, and official misconduct under Indictment No. 2185/85, and assault in the second degree (two counts), coercion in the first degree and official misconduct under Indictment No. 2186/85, upon jury verdicts, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant, who at the time of these incidents was a Sergeant in the New York City Police Department, was convicted in connection with two separate assaults upon the complainant. At the time of these assaults, the complainant was under arrest and in police custody.

The first of these assaults took place at the complainant's residence at the time of his arrest. The defendant asserts that the evidence adduced at trial was legally insufficient to support the jury's finding that the complainant suffered a "physical injury" as defined in Penal Law § 10.00 (9) in order to sustain his conviction of assault in the second degree under Indictment No. 2185/85 with respect to that incident *(see,* Penal Law § 120.05 [2]). As the defendant did not raise a specific objection on this ground in his motion for a trial order of dismissal, the issue is not preserved for appellate review

*(see,* CPL 470.05 [2]; *see also, People v MacCary,* 173 AD2d 646 [decided herewith]). In any event, the assertion is without merit. At the trial, the complainant testified that he was beaten about the head and jaw by the defendant and the codefendant, after his arrest his jaw was severely swollen, and he had a lump on his head, and he had blurred vision and headaches for several weeks after the incident. Such evidence, when viewed in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish that the complainant suffered "physical injury" as a result of the assault at his residence beyond a reasonable doubt *(see, People v Sutton,* 161 AD2d 612; *People v Vaughn,* 155 AD2d 566; *People v Hope,* 128 AD2d 638; *People v Fasano,* 112 AD2d 791).

The defendant, along with his codefendant Loren MacCary, was also convicted under Indictment No. 2186/85 in connection with an assault upon the complainant with a "stun gun" while the complainant was in custody at a police precinct. Viewing the evidence in a light most favorable to the prosecution, *(see, People v Contes,* 60 NY2d 620, *supra),* we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v MacCary, supra).*

Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt with respect to both the incident at the complainant's residence and the incident at the precinct were not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's assertion that the trial court should have granted his application for an adjournment, made at the commencement of trial, so that his former attorney could try the case, is without merit. Both the defendant's former attorney and his trial counsel were court-appointed and there is "no * * * right of choice between one lawyer and another where both are court appointed" *(People v Cunningham,* 134 AD2d 273, 274; *see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). In any event, the defendant did not come forward with any "exigent or compelling circumstances" *(People v Gibson,* 137 AD2d 553, 554) to justify his request for an adjournment. Accordingly, the trial court did not improvidently exercise its discretion in denying that request *(see, People v Rascio,* 136 AD2d 575; *People v Gabler,* 129 AD2d 733; *see also, People v Arroyave,* 49 NY2d 264, 271).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.