■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COICO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 11, 1988, convicting him of burglary in the second degree, burglary in the third degree, grand larceny in the second degree (two counts) and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence corroborating the accomplice testimony was legally insufficient to support the burglary convictions. However, as the defendant failed to move in the trial court for dismissal on this specific ground, the issue is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Sutton, 161 AD2d 612; People v Lyons, 154 AD2d 715).

The defendant also contends that the trial court erred by failing to instruct the jury to consider whether the defendant's former girlfriend was an accomplice with respect to one of the burglaries as a question of fact (see, CPL 60.22 [2]). However, since the defendant made no request to charge and took no exception to the court's charge, the alleged error is not preserved for appellate review (see, People v Aleschus, 55 NY2d 775; People v Lipton, 54 NY2d 340).

The defendant's claim that he is entitled to a new trial because of the People's delay in producing a recorded conversation between a People's witness and a defense witness is without merit. The record reveals that the defendant was not substantially prejudiced by the delay (cf., People v Thompson, 71 NY2d 918; People v Perez, 65 NY2d 154). The defense counsel's requests for an adjournment, a further opportunity to cross-examine the People's witness, and to play the entire tape to the jury were granted. Because the defense counsel

withdrew his application to play the entire tape, and withdrew his application for further cross-examination of the People's witness after listening to the tape, any alleged error was waived.

The defendant's remaining contentions are unpreserved for appellate review and we decline to exercise our interest of justice jurisdiction to review them (see, People v Tardbania, 72 NY2d 852, 853; People v Oliver, 63 NY2d 973; People v Love, 57 NY2d 1023; People v Medina, 53 NY2d 951). Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.