■ In the Matter of LOUIS Q., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (Cognetta, J.), dated November 13, 1989, which, upon a fact-finding order of the same court, dated July 19, 1989, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of reckless endangerment in the second degree and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated July 19, 1989.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. The appellant recklessly engaged in conduct which created a substantial risk of serious physical injury to another person, when he used his pocketknife to stab the complainant (see, Penal Law § 15.05 [3]; § 120.20; People v Marrero, 88 AD2d 998; People v Canty, 135 AD2d 721). That

the complainant suffered only a minor injury is irrelevant, since it is the existence of "a substantial risk of serious physical injury" that is critical under the relevant provision, and not actual injury *(see,* Penal Law § 120.20). Moreover, under the circumstances in which it was used, it is clear that the pocketknife constituted a dangerous instrument for purposes of criminal possession of a weapon in the fourth degree *(see,* Penal Law § 10.00 [13]; § 265.01 [2]; *People v Carter,* 53 NY2d 113; *Matter of Jamie D.,* 59 NY2d 589; *People v Richardson,* 166 AD2d 158; *People v Crane,* 156 AD2d 704). Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.