■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MCLEAN, Appellant. [596 NYS2d 712] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered July 19, 1991, convicting him of burglary in the first degree, assault in the second degree, and attempted petit larceny, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to adduce legally sufficient evidence that the complainant suffered "physical injury" as defined in Penal Law § 10.00 (9) in order to sustain his convictions of burglary in the first degree and assault in the second degree. However, since the defendant did not raise a specific objection on this ground in his motion for a trial order of dismissal, the issue is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858; *People v Sutton*, 161 AD2d 612; *People v Udzinski*, 146 AD2d 245). In any event, in light of the testimony adduced at the trial, particularly that of the complainant, regarding the extent and duration of his injuries, we find that this contention is without merit (see, *People v Soto*, 184 AD2d 673; *People v Bailey*, 176 AD2d 809; *People v Campbell*, 157 AD2d 738; *People v Lundquist*, 151 AD2d 505). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention concerning the inconsistency of the verdict convicting him of the burglary in the first degree and assault in the second degree and acquitting him of assault in the first degree is unpreserved for appellate review (see, *People v Satloff*, 56 NY2d 745; *People v Lyons*, 154 AD2d 715, 716), and, in any event, devoid of merit (see, *People v Tucker*, 55 NY2d 1; *People v Lyons, supra*). Mangano, P. J., Bracken, Eiber and Pizzuto, JJ., concur.