THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. DAY, Appellant. [626 NYS2d 888] —Spain, J. Appeal from a judgment of the County Court of Essex County (Dawson, J.), rendered March 14, 1994, upon a verdict convicting defendant of the crimes of sodomy in the first degree and sexual abuse in the first degree.

In June 1992 defendant was renting a room at the residence of the victim's grandfather in the Village of Keeseville, Essex County. The victim, a nine-year-old boy, frequently visited the residence. During this time William Steady was also a boarder at the residence.

On October 12, 1992 the victim told his mother that he had been sexually abused by Steady. On October 17, 1992 the victim's mother gave a statement to State Police Investigator John Dwyer in which she reported what her son had told her. As of that time, the victim never mentioned any sexual abuse by defendant. Thereafter, on October 24, 1992, the victim related to his mother that defendant had sodomized him and a complaint was filed that same day. The next day, after being advised of his Miranda rights, defendant gave a statement to Dwyer. Defendant admitted committing unlawful sexual acts with the victim and signed a written confession which detailed his actions.

In March 1993 defendant was indicted by the Grand Jury for sodomy in the first degree, attempted sodomy in the first degree and sexual abuse in the first degree. A jury trial was commenced in February 1994.* Prosecution witnesses at defendant's trial included Dwyer, the victim's mother and the victim. The sole witness for defendant was an expert who attempted to diminish the significance of defendant's written statement.

After the close of all the evidence, the count of attempted sodomy in the first degree was dismissed. The jury found defendant guilty on both of the remaining counts. As a predicate felon, defendant was sentenced to a 6 to 12-year term of imprisonment on the sodomy count and a 3½ to 7-year term of imprisonment on the sexual abuse count, to be served concurrently. Defendant appeals.

Defendant's argument that County Court erred by prohibiting testimony regarding the sexual abuse of the victim by Steady is without merit. County Court heard defendant's offer of proof and found that the sexual abuse of the victim by Steady was only relevant and admissible insofar as there was no report of any abuse by defendant at the time the complaint against Steady was made. There was no showing that the two cases were related or that the victim was confused as to who was the perpetrator in this case. It is noteworthy that, despite County Court's ruling, the jury heard a considerable amount of testimony about the nature and circumstances of the sexual abuse by Steady. Moreover, the record reveals that the excluded testimony would not significantly impact the weight of the victim's allegations against defendant in this matter (see, People v Charlton, 192 AD2d 757, 759, lv denied 81 NY2d 1071). The victim's recollection of the sexual abuse by defendant was specific and corroborated by defendant's written statement.

Further, defendant's contention that the jury verdict was against the weight of the evidence is also without merit. Issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions for the jury to resolve; the determinations of a jury are afforded great weight on appeal (see, People v Farrell, 210 AD2d 428, lv denied 85 NY2d 861; People v Stumbrice, 194 AD2d 931, 934, lv denied 82 NY2d 727). The victim's testimony established that he was less than 11 years old at the time of the alleged abuse, that defendant engaged in deviate sexual intercourse with him and that defendant subjected him to sexual contact. The victim's testimony was not contradicted. Moreover, defendant's written

---

* In the interim Steady pleaded guilty to two felony counts, including sexual acts with the victim, and was serving his sentence at the time of defendant's trial.

statement paralleled the victim's recollection of the sexual contact. We find no reason to dismiss the significance of defendant's written statements.

Finally, we do not find the sentence, under the circumstances of this case, to be excessive. It was within the permissible statutory range and less than the harshest permissible sentence (see, Penal Law § 70.06 [3] [b], [d]; [4] [b]; People v Greco, 187 AD2d 151, 159, lv denied 81 NY2d 1073).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.