■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN A. KLEIN, Appellant. [633 NYS2d 683] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 26, 1993, upon a verdict convicting defendant of the crime of assault in the second degree.

By indictment dated October 8, 1992, defendant was charged with one count of assault in the second degree. It was established at trial that defendant and Sean Manning were involved in an altercation in the early morning hours of July 5, 1992. Manning testified that, while driving his car, defendant pulled alongside of him on his motorcycle and indicated that he wanted to talk. Manning pulled into a parking lot and, as soon as he got out of his car, defendant "wacked" him in the

face with what "felt like a 2 x 4". According to Manning, defendant was upset because he had given defendant's girlfriend a ride. As a result, Manning suffered numerous injuries including a fractured skull, nose and cheekbone, a concussion, facial nerve damage, hearing loss and a brain contusion. Defendant's version differed substantially. He testified that Manning's car veered over into his lane almost hitting him and that he followed the car to get the license plate number. According to defendant, when he pulled into the parking lot after Manning, Manning attacked him with a "protruding" object. While defendant admitted to hitting Manning with his motorcycle helmet, he contended that he did so in self-defense.

The event was also witnessed by defendant's girlfriend and another individual who was in proximity of the parking lot. Defendant's girlfriend essentially corroborated his version. The other witness testified that after he heard a noise he turned and saw a "finished motion of a swing" by defendant and observed that Manning had fallen to the ground. He never saw Manning raise his fist.

The jury convicted defendant as charged in the indictment. Sentenced as a predicate felon to a prison term of 3 to 6 years, defendant appeals.

Defendant initially contends that his conviction is not supported by legally sufficient evidence and it should be reduced to assault in the third degree. Specifically, he claims that the People failed to prove that a dangerous instrument was utilized to injure Manning. Viewing the evidence in the light most favorable to the prosecution, we find that the People's proof sufficiently provided a valid line of reasoning and permissible inferences from which a jury could find guilt beyond a reasonable doubt (*see, People v Bleakley*, 69 NY2d 490; *People v Jones*, 213 AD2d 801, *lv denied* 85 NY2d 975). Here, it was necessary to show that the injuries occurred "by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]). Defendant does not dispute that a motorcycle helmet can constitute a dangerous instrument. Rather, he claims the evidence failed to establish that the helmet caused Manning's injuries. In rejecting this argument, we note that while Manning did not testify that defendant hit him with a helmet, defendant himself admitted that he did so. Medical testimony offered indicated that Manning's injuries could have been inflicted by a motorcycle helmet. Defendant testified that he struck Manning three times, once with the helmet and twice with his fists. He claimed that it was his fists that did the damage. Manning, however, maintained that he was struck only once and the

testimony of the other witness at the scene supports Manning's version. Legal sufficiency was thus established.

Moreover, upon the exercise of our factual review power, we are satisfied that, contrary to defendant's contention, the verdict was not against the weight of the evidence (*see, People v Apple*, 214 AD2d 576, *lv denied* 86 NY2d 779). In reaching this conclusion, we note that questions of credibility are for the jury to resolve (*see, People v Day*, 215 AD2d 894, *lv denied* 86 NY2d 793) and that "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495, *supra*). Defendant's remaining arguments have been considered and rejected for lack of merit.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.