■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. PLATER, Appellant. [652 NYS2d 636] —Peters, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered November 8, 1995 in Cortland County, upon a verdict convicting defendant of the crimes of burglary in the first degree and assault in the second degree (two counts).

On January 26, 1995, Lorraine Jackson had a party at her apartment in the City of Cortland, Cortland County. Among her guests were defendant, with whom Jackson had been friends for about three years, and James O'Neill. During the evening, a discussion took place between defendant and Jackson concerning the sale of a used mountain bike. When the discussion escalated into an argument at about midnight, defendant stated, "How about if I just go home and get a gun and kill all of you?" Jackson then ejected defendant from her apartment.

When the party ended about two hours later, Jackson and O'Neill went to sleep in Jackson's bedroom. Approximately three hours later, defendant broke into the apartment but, upon being discovered by a neighbor, left. He thereafter reentered the apartment and stabbed both Jackson and O'Neill as they were lying in bed. Taken into custody at approximately 6:00 A.M., defendant made an inculpatory statement during his processing at the police station. Convicted on all counts of the indictment which charged him with burglary in the first degree and two counts of assault in the second degree, defendant was sentenced to three consecutive terms of imprisonment. On appeal, defendant contends that there is insufficient evidence with respect to the element of physical injury to the victims, error in admitting the statement he made during processing and error in sentencing him to consecutive prison terms.

Beginning with defendant's claim that the prosecution failed to establish physical injury, we find that this issue is unpreserved for our review (see, People v Bynum, 70 NY2d 858; People v McLean, 191 AD2d 517, lv denied 81 NY2d 1076). Were we to consider it, we would find, viewing the evidence in a light most favorable to the prosecution, that the evidence is legally sufficient to establish defendant's assault upon both victims. Moreover, upon the exercise of our factual review power, we would be satisfied that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

Jackson testified that she was awakened by pressure on her stomach, realized that defendant was standing next to her bed and then raised her arm to protect herself. As defendant cut her on her arm, she saw a knife in his hand. Using a towel to

control her bleeding, she was later taken to the hospital and received 10 stitches. While O'Neill did not testify concerning his assault, Jackson testified that she saw defendant stab him. A police officer who saw O'Neill after the stabbing testified to O'Neill's physical condition. In addition, a photograph, taken at the hospital, depicting O'Neill's injury was admitted into evidence. Accordingly, ample evidence of physical injury was presented (*see*, Penal Law § 10.00 [9]; *see also*, *People v Greene*, 70 NY2d 860, 862; *People v Klein*, 221 AD2d 803, 804-805, *lv denied* 87 NY2d 975; *People v Fallen*, 194 AD2d 928, *lv denied* 82 NY2d 753; *People v Henderson*, 169 AD2d 647, 648; *People v McEachin*, 166 AD2d 814, 815, *lv denied* 76 NY2d 1023).

As to the admission of the statement made by defendant during processing, we again find no error. At the police station, Officer Charles Niederhofer advised defendant that he would be taking his fingerprints and photograph. When defendant asked the officer what was going on, the officer advised him that he was being charged with a crime. Defendant then began to complain that Jackson and O'Neill had stolen mountain bikes from him and claim that they were the ones who should be arrested. When Niederhofer did not respond, defendant stated, as relevant herein, that "if you want to arrest me I'll * * * kill them next time, this [was] for just * * * stealing my four mountain bikes, I'll * * * kill them next time".

After a *Huntley* hearing, Supreme Court found that the statement was spontaneous and not the product of police questioning. Niederhofer's testimony concerning the conditions under which the statement was made was corroborated by Officer Brett George who was in the room when O'Neill was processed. No evidence exists to support defendant's contention that the statement was made in response " 'to any words or actions on the part of the police * * * that the police should know are reasonably likely to elicit an incriminating response' " (*People v Dunn*, 195 AD2d 240, 244, *affd* 85 NY2d 956, quoting *Rhode Is. v Innis*, 446 US 291, 301; *see*, *People v Hamilton*, 227 AD2d 669, 672; *People v Torres*, 213 AD2d 359, *lv denied* 86 NY2d 784).

Finally, as to sentencing, we find that Supreme Court correctly imposed consecutive sentences for the assaults perpetrated upon Jackson and O'Neill since they constituted two separate and distinct acts (*see*, *People v Carter*, 227 AD2d 661, 663-664; *People v Beaton*, 152 AD2d 992, *lv denied* 74 NY2d 845). As to the burglary, however, we find that defendant correctly contends that concurrent sentencing was mandated. The indictment charged defendant with burglary in the first degree

as follows: "The * * * [defendant] knowingly and unlawfully entered in a dwelling owned or occupied by Lorraine L. Jackson located * * * in the City of Cortland, New York, with intent to commit a crime therein, and while in the dwelling, he used or threatened the immediate use of a dangerous instrument, to wit * * * used a knife to injure Lorraine L. Jackson and James A. O'Neill." Since the same conduct which resulted in defendant's conviction for the assaults established that he used a dangerous instrument to commit the burglary, the imposition of concurrent sentencing was required (*see, People v Campos*, 206 AD2d 633).

Mercure, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentence for the crime of burglary in the first degree run concurrently with his sentences for the crime of assault in the second degree (two counts), and, as so modified, affirmed.