■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAIO NI, Appellant. [742 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered September 9, 1999, convicting him of assault in the second degree, assault in the third degree, and harassment, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant's conviction of assault in the second degree (*see* Penal Law § 120.05 [2]) must be reversed, as the People failed to present legally sufficient evidence that an "electronic stunt [*sic*] gun type device," which was used by the defendant, was a "dangerous instrument." The People failed to offer evidence that a device of this type "under the circumstances in which it [was] used, attempted to be used or threatened to be used, [was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; *see People v Nelson,* 292 AD2d 397; *cf. People v MacCary,* 173 AD2d 646). Accordingly, the count of the indictment charging assault in the second degree must be dismissed.

The defendant's conviction of the remaining counts of the indictment must also be reversed based on the prosecutor's improper comments during his opening and closing statements which, inter alia, shifted the burden of proof, inflamed the jury, and denigrated the defense (*see People v Smith,* 288 AD2d 496; *People v Dombrowski,* 163 AD2d 873). Because the instances of prosecutorial misconduct were flagrant and were

closely related to the credibility issues presented at trial, they substantially prejudiced the defendant's case (*see People v Elder,* 207 AD2d 498; *People v Dombrowski, supra; see also, People v Calabria,* 94 NY2d 519).

Since the defendant has served his determinate sentence of 11 months for the conviction of assault in the third degree and 15 days for harassment, we do not order a new trial but dismiss those counts of the indictment (*see People v Flynn,* 79 NY2d 879; *People v Campbell,* 269 AD2d 460).

In view of our determination, we do not reach the defendant's remaining contentions. Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.