OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and as a matter of discretion in the interest of justice, and accusatory instrument dismissed.
A review of the record on appeal indicates that there was no testimony adduced at trial as to why defendant was placed under arrest. Six police officers responded to a radio call of an incident at defendant’s apartment. Defendant answered the door and Police Officers Heffernan and Gagliardo entered the apartment. The other officers remained outside while Gagliardo spoke to defendant by the doorway. Gagliardo then went further into the apartment and spoke to the complainant. Heffernan searched defendant and recovered a screwdriver from his pants. Prior to the arrest, there was no testimony that anyone claimed that defendant illegally used, or tried to use, the screwdriver. Everyone was in the hallway when Gagliardo returned from speaking to the complainant and, according to Officer Kranenberg’s testimony, merely said, without any explanation or elaboration, “he was going to go under.” Officer Gagliardo did not testify at the trial. Since there was no testimony that any officer arrested defendant as a result of the direction of, or as a result of communication with, a superior or fellow officer, or another police department, provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest (cf. People v Ramirez-Portoreal, 88 NY2d 99, *99 113 [1996]; People v Rosario, 78 NY2d 583 [1991]; People v Horowitz, 21 NY2d 55, 60 [1967]), the “fellow officer rule” is inapplicable.
Consequently, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence adduced at trial was insufficient to establish that defendant was guilty of resisting arrest beyond a reasonable doubt in that no evidence was provided that the arrest was authorized. We note that an arrest is not authorized when it is based upon a person’s resistance to an unlawful seizure (see e.g. People v Felton, 78 NY2d 1063 [1991]; People v Peacock, 68 NY2d 675 [1986]). Accordingly, no valid line of reasoning exists to support defendant’s conviction of resisting arrest (see People v Bleakley, 69 NY2d 490, 495 [1987]), and said conviction is, therefore, reversed and the charge is dismissed.
As to the harassment charge, a hearsay statement is admissible under the excited utterance exception when the statement is made under the stress of excitement caused by an external event, and not the product of studied reflection and possible fabrication (see People v Johnson, 1 NY3d 302, 306 [2003]). “Where the only direct evidence of a defendant’s guilt is in the form of hearsay testimony, courts must be especially vigilant to ensure that only evidence that rises to the level of ‘inherent reliability’ . . . underlying such firmly rooted hearsay exceptions as excited utterances is admitted at trial” (id. at 307-308 [citation omitted]).
At a pretrial hearing to determine whether the statements of the complainant (who did not testify at trial) fell within the excited utterance exception to the hearsay rule, Police Officer Kranenberg testified that, after defendant was arrested, he spoke to the complainant who appeared upset and shaken and reluctant to talk. She told him that she was scared and that she had an argument with defendant because he was jealous and unhappy about her going out the night before. They got into an altercation and defendant stabbed her in the leg with a screwdriver and bit her on the cheek. The hearing, however, adduced no evidence as to when said statements were made in relation to the alleged incident. Considering that the statement was made after the complainant knew that defendant had been arrested, it is possible that said statement was reflective and/or fabricated. In any event, the hearsay statement was the only direct evidence of defendant’s guilt at trial and said statement clearly did not rise to the level of “inherent reliability” (People *100 v Edwards, 47 NY2d 493, 499 [1979]; see also Johnson, 1 NY3d at 304-308). Consequently, we find that it was error for the court to have admitted said statement, and said error was not harmless in view of the less than overwhelming evidence of defendant’s guilt presented at trial (cf. People v Crimmins, 36 NY2d 230 [1975]). Since defendant has served his sentence, and given the nature of the charge against him, a new trial will not be ordered and the accusatory instrument is dismissed (see e.g. People v Flynn, 79 NY2d 879 [1992]; People v Malo Ni, 293 AD2d 552 [2002]). We pass on no other issue.
Pesce, P.J., Golia and Helen, JJ., concur.