■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HALL, Appellant. [901 NYS2d 542]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 29, 2007, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of robbery in the first degree, in violation of Penal Law § 160.15 (3), as charged in count one of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's conviction of robbery in the first degree (*see* Penal Law § 160.15 [3]) must be vacated, as the People failed to present legally sufficient evidence that an electronic stun gun which was used by the defendant, was a "dangerous instrument" (Penal Law § 160.15 [3]). Under the circumstances here, the People failed to offer evidence that a device of this type "under the circumstances in which it [was] used, attempted to be used or threatened to be used, [was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; *see People v Maio Ni*, 293 AD2d 552 [2002]; *People v Nelson*, 292 AD2d 397 [2002]; *cf. People v MacCary*, 173 AD2d 646 [1991]). Accordingly, the count of the indictment charging robbery in the first degree must be dismissed.

Contrary to the defendant's contention, he was not entitled to a missing witness charge (*see generally People v Savinon*, 100 NY2d 192, 196 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]; *see also People v Evans*, 56 AD3d 572 [2008]; *People v Marino*, 21 AD3d 430, 432 [2005], *cert denied* 548 US 908 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.