██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FREEMAN, Appellant. [917 NYS2d 571]—

Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 29, 2007, which was determined by decision and order of this Court dated June 1, 2010.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated June 1, 2010 (*see People v Freeman*, 74 AD3d 836 [2010], *lv granted* 15 NY3d 851 [2010]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 29, 2007, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of robbery in the first degree, in violation of Penal Law § 160.15 (3), as charged in count one of the indictment, and criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01 (2), as charged in count four of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's convictions of robbery in the first degree (*see* Penal Law § 160.15 [3]) and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]) must be vacated, as the People failed to present legally sufficient evidence that an electronic stun gun which was used by a codefendant, was a "dangerous instrument" (Penal Law § 160.15 [3]). Under the circumstances here, the People failed to offer evidence that a device of this type "under the circumstances in which it [was] used, attempted to be used or threatened to be used, [was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; *see People v Maio Ni*, 293 AD2d 552 [2002]; *People v Nelson*, 292 AD2d 397, 397 [2002]; *cf. People v MacCary*, 173 AD2d 646 [1991]). Accordingly, the counts of the indictment charging robbery in the first degree and criminal possession of a weapon in the fourth degree must be dismissed.

Contrary to the defendant's contention, he was not entitled to a missing witness charge (*see generally People v Savinon*, 100 NY2d 192, 196 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]; *see also People v Evans*, 56 AD3d 572 [2008]; *People v Marino*, 21 AD3d 430, 432 [2005], *cert denied* 548 US 908 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.