■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LITTLEJOHN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Vaccaro, J.), rendered June 24, 1975, convicting him of robbery in the second degree (two counts), assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by reversing the convictions of robbery in the second degree (two counts), vacating the sentences and dismissing said counts. As so modified, judgment affirmed. In this case, the question of whether any property was taken from the complainant was hotly contested. Although complainant claims that he was carrying some change in one of his pockets, he also testified that there was a hole in one of his pockets. After a fierce struggle, defendant or his accomplice "went into" complainant's pockets. However, when defendant

and his accomplice were arrested at the scene, no money was found on their persons. Although the jury found defendant guilty of robbery in the second degree (two counts) (Penal Law, § 160.10, subds 1, 2, par [a]), and assault in the second degree (Penal Law, § 120.05, subd 6), it found defendant not guilty of grand larceny in the third degree (Penal Law, § 155.30, subd 5). Defendant's acquittal of grand larceny in the third degree is repugnant to his conviction of robbery in the second degree (see *People v Carbonell,* 40 NY2d 948; *People v Greenfield,* 70 AD2d 662). Therefore, the two counts of robbery in the second degree must be dismissed. However, a completed robbery is not an essential element of "felony assault" (see *People v Ponder,* 77 AD2d 223, 231). Therefore his acquittal of grand larceny in the third degree does not affect the validity of his conviction of assault in the second degree. We have considered defendant's remaining contentions and find them to be without merit. Hopkins, J. P., Mangano, Margett and Thompson, JJ., concur.