■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GILLENS, Appellant.—Judgment, Supreme Court, Bronx County (William Wallace, III, J.), rendered on October 16, 1986, convicting defendant of assault in the second degree, attempted assault in the first degree, assault in the third degree, criminal possession of a weapon in the second degree, aggravated harassment and tampering with a witness in the second degree, and sentencing him to 2⅓ to 7 years on the conviction for assault in the second degree, 2⅓ to 7 years on the conviction for attempted assault in the first degree, 1 year for the conviction for assault in the third degree, 3⅓ to 10 years for the conviction for criminal possession of a weapon in the second degree, 1 year for the conviction for aggravated harassment and 1 to 3 years for the conviction for tampering with a witness, all of the sentences to run concurrently, unanimously modified, on the law, to reverse the conviction for assault in the second degree and to dismiss that count of the indictment, and otherwise affirmed.

The complainant is the former girlfriend of the defendant. After finding another woman in the apartment of the defendant, the complainant determined not to see him further. The acts alleged in the indictment follow the refusal of the complainant to resume seeing the defendant. The indictment charged the defendant with the crime of robbery in the second degree in that on or about July 17, 1985, defendant forcibly stole property from the complainant and in the course of that crime caused physical injury to the complainant. The indictment charged further that defendant committed the crime of assault in the second degree in that on or about July 17, 1985, in the course of the commission or attempted commission of a felony, defendant caused physical injury to the complainant. Specifically, the People contended that on or about July 17, 1985, while the complainant was waiting for a bus in order to go to work, the defendant approached and robbed and attacked her. The jury found the defendant not guilty of the crime of robbery in the second degree. Thus the defendant was improperly convicted of assault in the second degree, an assault allegedly committed during a robbery. Once the defendant was found not guilty of the robbery, he could not be

convicted of an assault during a robbery. *(People v Sanchez,* 128 AD2d 377 [1st Dept 1987].)

We have reviewed the other contentions raised by the defendant and find them to be without merit. Concur—Kupferman, J. P., Ross, Rosenberger, Ellerin and Smith, JJ.