■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Owen, J.), rendered March 28, 1986, convicting him of attempted rape in the first degree, sexual abuse in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered with respect to counts two, three and four of the indictment. No questions of fact have been raised or considered.

This case arises out of an incident which occurred on July 5, 1985, in the evening hours, when the complainant was purportedly attacked by the defendant.

As conceded by the respondent, the trial court failed to charge the jurors that they were not to draw an unfavorable inference from the defendant's failure to testify at trial. While the trial court had agreed to give the charge, it failed to do so. Upon the defense counsel's objection at the end of the charge, the trial court mistakenly claimed it had given the charge. Since such a charge is "mandatory", when properly requested, and the failure to give the requested charge is "immune to harmless error analysis" *(People v Britt,* 43 NY2d 111, 113), the conviction must be reversed.

In light of the fact that we have ordered a new trial, it is appropriate for us to address certain other contentions raised by the defendant. The jury's acquittal of the defendant on the charge of robbery in the second degree (Penal Law § 160.10 [2] [a]), as set forth in the first count of the indictment, was not inconsistent with or repugnant to the defendant's conviction of assault in the second degree (Penal Law § 120.05 [6]; *see, People v Tucker,* 55 NY2d 1). In addition, the trial court did not fail to hold a *Sandoval* hearing. Rather, the defense counsel never requested that such a hearing be held. That branch of the defendant's omnibus motion which was to suppress the proposed lineup identification testimony of the complainant was properly denied. Contrary to the defendant's specific contention, he was not entitled to counsel, although requested, at the investigatory lineup held in this case *(see, People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846). While the defendant argues that the denial of that branch of his omnibus motion which was to suppress the in-court identi-

fication testimony of two witnesses to the incident deprived him of a fair trial, he presents no specific contentions with regard to this issue and there is no basis in the record for the suppression of this testimony. We do not reach the other contentions raised by the defendant. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.