■ The People of the State of New York, Respondent, v James Gary, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered March 23, 1988, which convicted defendant, after a jury trial, of assault in the second degree and sentenced him, as a predicate felony offender, to a term of from 3½ to 7 years' imprisonment, unanimously affirmed.

On December 17, 1986, the defendant struck an off-duty police detective on the side of the face and then placed him in a chokehold while grabbing at a watch and ring on the detective's left hand. The detective announced that he was a police officer and, when defendant tightened his hold around the detective's neck, discharged his off-duty revolver four times over his left shoulder, striking defendant several times.

Acquittal of defendant on the robbery charge, which was the underlying felony upon which the second degree assault count was based, did not result in a repugnant verdict. The verdict in the present case was not at odds with the trial court's charge to the jury, which gave the jury the option of basing the conviction for second degree assault on a finding that defendant caused physical injury to the complainant in the furtherance of an attempt to rob him. "It matters not how the jury reached its verdict or even if the verdict is logically inconsistent provided the verdict is not at odds with the charge" *(People v Hankinson,* 119 AD2d 506, 508). This court's decisions in *People v Gillens* (138 AD2d 335) and *People v Sanchez* (128 AD2d 377) do not compel a different result, as those cases are distinguishable on their facts. In both cases, the assault count was based on a factual showing by the People that the robbery was completed and the defendant in each was acquitted of the robbery charge. Thus, the guilty verdicts on the felony assaults did not comport with the acquittal verdicts on the underlying robbery. The evidence here was sufficient to support the findings that defendant intended to rob the detective, attempted to do so, and inflicted physical injury in the commission of that attempt. With respect to the issue of physical injury, the medical evidence

and the complainant's testimony sufficiently demonstrate that the complainant suffered impairment and substantial pain. *(See, People v Greene,* 70 NY2d 860; *People v Lundquist,* 151 AD2d 505, 507.)*

The defendant's claim regarding the court's charge was unpreserved. *(See, People v Thomas,* 50 NY2d 467, 472.)* In view of the strong evidence of guilt and the adequacy of the trial court's reasonable doubt charge, this court declines to review that claim in the interest of justice.

Defendant's remaining claims have been reviewed and found to be without merit. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.