OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion granted to the extent of suppressing the joint statement, and a new trial ordered.
Defendant was tried jointly with another on three drug charges arising from the possession of cocaine and marihuana. At the Huntley hearing, one of the arresting officers testified to a joint statement made by the two defendants immediately before he arrested them in the basement of an apartment house. The officer stated that "both said the [marijuana] bag was theirs and that they have been selling marijuana out the back door of the location through the peephole for a man named Oswald” and that "they were getting high.” Inasmuch as the admissions were inadmissible against the codefendant for failure to serve notice under CPL 710.30, the court redacted them to omit any reference to the codefendant. The changes included substituting singular pronouns for plurals. Thus, at trial, the officer was permitted to testify that the defendant made the entire statement.
Before the evidence was received, the People had to establish that the statement was made by defendant and that it could be effectively redacted for the jury without prejudice to him (see, People v Wheeler, 62 NY2d 867, 869; People v Boone, 22 NY2d 476, 486; People v La Belle, 18 NY2d 405, 411). They failed to sustain that burden. The police officer testified at the Huntley hearing that he was unable to ascertain which admissions, if any, were attributed to defendant because "both [suspects] spoke at the same time.” Inasmuch as no other evidence was offered to establish the speaker, the People have failed to meet their burden and should not have been allowed to offer this evidence against defendant at trial. For the same reason it was impossible for the court to effectively redact the statement without prejudice to defendant. By changing the pronouns and permitting the officer to testify at trial that defendant made the entire statement, the jury was led to believe that all of the admissions had been made by defendant when in fact the People had not established that he made any of them. This error requires a new trial.
Defendant also maintains that the court erred in deny *1047 ing his motion to suppress the cocaine seized by the police during their search and seizure. Based upon the evidence before the hearing court, we see no reason to disturb its determination that a hearing was not required because defendant did not have a reasonable expectation of privacy in the basement apartment.
Finally, defendant contends that he may be retried only on the one count of which he was found guilty, that double jeopardy prevents retrial on those counts of the indictment not considered by the jury. In People v Jackson (20 NY2d 440, cert denied 391 US 928), we held that where a jury is not given an opportunity to return a verdict as to some of the offenses charged, its failure to do so cannot be construed as an acquittal barring retrial.
Here, the Judge instructed the jury that they did not have to consider the remaining counts if they found defendant guilty of count one. It is clear from the record that the jury elected that option and did not consider or reach a verdict on counts two and three. After returning a verdict of guilty on count one, the foreman advised the court that the jurors had not considered the remaining counts as a result of the court’s instruction. Thus, jeopardy was never terminated by acquittal or dismissal of those counts and retrial of them will not violate the jeopardy principles of the Federal Constitution (see, Richardson v United States, 468 US 317; Justices of Boston Mun. Ct. v Lydon, 466 US 294; People v Jackson, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.