■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered August 1, 1984, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant became involved in a fight between his brother and another individual. There was testimony that during the incident, the defendant punched and kicked a third individual and tried to remove his coat. The defendant was acquitted of robbery in the second degree but convicted of assault in the second degree (Penal Law § 120.05 [6]).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There is no requirement that the defendant be found guilty of a completed robbery to sustain a conviction for assault in the second degree *(see, People v Littlejohn,* 83 AD2d 856). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim that the verdict is repugnant is unpreserved for appellate review, as he failed to raise the issue prior to discharge of the jury *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745). In any event, an acquittal of robbery in the second degree does not negate an essential element of assault in the second degree *(see, People v Fasano,* 129 AD2d 1004; *People v Wilson,* 156 AD2d 743). Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.