OPINION OF THE COURT
Mario J. Rossetti, J.
The defendant was tried before this court and acquitted of intentional murder, manslaughter in the first degree and manslaughter in the second degree by jury verdict rendered on September 10, 1994. This indictment initially charged defendant with two counts of murder in the second degree, in violation of sections 125.25 (1) (intentional murder) and 125.25 (2) (depraved murder) of the Penal Law and had been tried twice previously, the first trial resulting in a mistrial and the second resulting in defendant’s conviction for intentional murder (Penal Law § 125.25 [1]). Consistent with the court’s charge, however, the second jury did not render a verdict on the second count, depraved murder (Penal Law § 125.25 [2]). During pretrial proceedings before this court, the issue had been raised as to whether or not retrial of the second count is barred by State and Federal constitutional prohibitions against double jeopardy. Prior to commencement of trial, this court issued an oral decision ruling that retrial of the second count is so barred, and indicated that a written decision would follow.
Analysis must begin with CPL article 300 which provides for the definition and manner for submission of inconsistent counts to a jury. CPL 300.30 (5) defines "Inconsistent counts” as follows: " 'Inconsistent counts’. Two counts are 'inconsistent’ when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other.”
The Court of Appeals has held that intentional murder (Penal Law § 125.25 [1]) and depraved murder (Penal Law § 125.25 [2]) are inconsistent counts (People v Gallagher, 69 NY2d 525).
Submission of inconsistent counts to a jury is governed by CPL 300.40 (5) which states: "If an indictment contains two inconsistent counts, the court must submit at least one thereof. If a verdict of guilty upon either would be supported by legally sufficient trial evidence, the court may submit both *350 counts in the alternative and authorize the jury to convict upon one or the other depending upon its findings of fact. In such case, the court must direct the jury that if it renders a verdict of guilty upon one such count it must render a verdict of not guilty upon the other” (emphasis added).
Notwithstanding the mandatory and unequivocal directive of CPL 300.40 (5), the trial court failed to so charge the jury and, in fact, instructed that, once they arrived at a verdict of guilty under either count, the jury need not and should not consider the remaining count. This erroneous charge resulted in the jury’s rendering a verdict of guilty under the first count, but no verdict whatsoever under the second count. It is manifest that, had the jury been properly instructed, their guilty verdict of intentional murder would have resulted in a not guilty verdict of depraved murder and retrial of the latter would be unquestionably barred by constitutional principles of double jeopardy.
The People contend, however, that, notwithstanding the mandates of CPL 300.40 (5), since same was not followed, the second count survives and, citing People v Jackson (20 NY2d 440) and People v Charles (78 NY2d 1044) as authority, can be retried without a double jeopardy violation. Both Jackson and Charles, however, are inapposite to the issue at bar. Jackson not only predates CPL 300.40 (5), but the crimes addressed, felony murder and common-law murder, are not inherently inconsistent (see, People v Myers, 161 AD2d 808; People v Leonoti, 18 NY2d 384). It is important to note that Jackson explicitly held that "under the circumstances of this case * * * [there] was no * * * jeopardy [violation]” (supra, at 457). Those circumstances, as aforestated, did not include conviction for a count which necessarily negates guilt of the remaining count.
People v Charles (supra), similarly, does not involve "inconsistent” counts. Furthermore, in Charles (at 1047) the Court of Appeals considered significant that it was clear from the record that the jury did not consider or reach a verdict on the remaining counts. In the case at bar, however, the jury requested a read back of the charge for both intentional and depraved indifference murder. It is clear from this record, therefore, and unlike the Charles jury, that this jury considered both such crimes and, further, in finding defendant guilty of intentional murder would have, if properly charged, found her not guilty of depraved murder. In effect, the jury verdict, when viewed in the context of the trial court’s charge that the *351 first and second counts were mutually exclusive, and in conjunction with the mandates of CPL 300.40 (5) and People v Gallagher (69 NY2d 525, supra), constituted a "not guilty” verdict of depraved murder under the second count.
Finally, and perhaps most significantly, under both Jackson and Charles (supra) it was possible and consistent for those juries to return guilty verdicts of all counts in question, and their failure to render a verdict on the undisposed counts, therefore, could not be deemed an acquittal. As stated in Jackson, to say that the defendant was acquitted under those circumstances would be to engage in mere speculation (see, People v Jackson, at 452). No such speculation would exist herein, however, because, as aforestated, the jury’s verdict of guilty of intentional murder under the circumstances of this case necessarily manifested an unequivocal finding of not guilty of depraved murder.
Pursuant to the foregoing, the second count herein is dismissed on the grounds that retrial thereof would be in violation of State and Federal constitutional principles of double jeopardy.