■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LADSON, Appellant. [619 NYS2d 133] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 10, 1993, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

A verdict on a multiple count indictment is repugnant when a defendant is acquitted on one count which is conclusive as to a necessary element of another crime of which he is convicted, thus negating a necessary element of the latter count (see, People v Gonzalez, 138 AD2d 623, 624; see also, People v Tucker, 55 NY2d 1). Contrary to the defendant's contention, the verdict here convicting him of assault in the second degree, but acquitting him of all the other felonies charged in the indictment, was not repugnant. There is no requirement that the defendant be found guilty of a completed felony in order to sustain a conviction of assault in the second degree under Penal Law § 120.05 (6) (see, People v Butler, 187 AD2d 439). Here, the court, as finder of the facts, had the option of

basing its verdict on the attempted commission of one of the charged felonies *(see, People v Gary,* 162 AD2d 277). Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur. [As amended by unpublished order entered Dec. 6, 1994.]