■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUBBERT, Appellant. [622 NYS2d 534] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered January 7, 1992, convicting him of murder in the second degree (felony murder), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the sentence imposed thereon is vacated, the felony murder count of the indictment is dismissed, and a new trial is ordered on the remaining counts of the indictment.

At the defendant's trial, Debra Brickhouse, who was charged to the jury as an accomplice as a matter of law, testified that she, the defendant and two others, identified as "Lenny" and "Crip", drove to Robert Soto's apartment building on St. Mark's Place in Brooklyn. Brickhouse entered the building, purchased crack cocaine, smoked it, and returned to the vehicle. Upon her return, the defendant asked Brickhouse if she had gotten the "stuff" and pulled out a small caliber revolver. The defendant and Lenny then exited the Jeep and entered the building with another woman, Miriam Batiste, while Brickhouse remained in the Jeep.

Batiste testified that she, the defendant, Lenny, and Soto went to Soto's apartment. While in Soto's kitchen, Batiste and the defendant purchased two and six vials of crack cocaine, respectively. After the purchase, all four walked into the hallway outside the apartment, where the defendant, Lenny,

and Soto suddenly started to fight and wrestle with each other. During the struggle, Batiste went back into Soto's apartment to hide. While she was hiding in the apartment, Batiste heard four gunshots. After a few minutes, Batiste went back out to the hallway, where she found Soto lying dead on the floor. Brickhouse testified that the defendant and Lenny came out of the apartment building with their guns in their hands. They got back into the vehicle and drove to another location, where the defendant reloaded his weapon.

The police officer who arrived on the scene testified that Soto was found with metal chains around his neck, a watch, and a wallet containing, among other things, $25. The officer concluded that Soto was not the target of a robbery.

The defendant was indicted for, *inter alia,* two counts of murder in the second degree based upon theories of intentional murder and felony murder *(see,* Penal Law § 125.25 [1], [3]), the latter of which was based on attempted robbery. The trial court instructed the jury to consider the count of felony murder first, and to go no further if they found the defendant guilty of that charge. The jury found the defendant guilty of felony murder and, in accordance with the court's instructions, did not render a verdict as to the remaining counts submitted to them.

On appeal, the defendant argues that the evidence was legally insufficient to establish the underlying felony of attempted robbery. We agree.

An appellate court reviewing the legal sufficiency of the trial evidence where solely circumstantial evidence is involved must determine "whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" *(People v Williams,* 84 NY2d 925, 926; *see also, People v Wong,* 81 NY2d 600, 608; *People v Bleakley,* 69 NY2d 490, 495). Applying this standard here, we conclude that the evidence was legally insufficient to establish that the defendant harbored any intent to rob the victim *(see, People v Flagg,* 180 AD2d 813; *People v Padilla,* 146 AD2d 813; *People v De Jesus,* 123 AD2d 563). Because the evidence of the underlying felony was insufficient, the conviction of felony murder must be reversed.

Because the jury did not reach a verdict on any count other than felony murder, a new trial on the remaining counts of the indictment is required *(see, People v Charles,* 78 NY2d

1044, 1047; *People v Jackson,* 20 NY2d 440, 451-452, *cert denied* 391 US 928).

For the purposes of a new trial, we find no merit to the defendant's contention that the pretrial identification of him by Batiste was unduly suggestive *(see, People v Mattocks,* 133 AD2d 89). Furthermore, the record supports the hearing court's determination that the identification by Brickhouse was confirmatory *(see, People v Vasquez,* 141 AD2d 880).

In light of our determination, we need not reach the defendant's remaining contentions. Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.