■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILLIAMS, Appellant. [682 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 3, 1996, convicting him of criminal possession of a weapon in the second degree, menacing in the second degree, assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant that the evidence was legally insufficient to support his conviction of assault in the second degree (felony assault) (*see,* Penal Law § 120.05 [6]). The People failed to establish beyond a reasonable doubt that the assault was committed in furtherance of the underlying felonies of criminal possession of a weapon in the second degree or criminal possession of a weapon in the third degree. Accordingly, the defendant's conviction for assault in the second degree must be reversed and that count of the indictment dismissed.

In view of our determination, and since assault in the third degree is not a lesser included offense of felony assault (*see, People v Miguel,* 53 NY2d 920; *People v Miller,* 176 AD2d 824), we need not reach the defendant's contention that the evidence was insufficient to establish that the complainant suffered a "physical injury" (Penal Law § 120.05 [6]).

We have considered the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.