■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BANDOWELL, Appellant. [699 NYS2d 680] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered September 9, 1996, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as second felony offender, to concurrent terms of 7½ to 15 years, unanimously affirmed.

The record fails to support defendant's argument that his repugnant verdict claim can be deemed preserved, and we decline to review this unpreserved claim in the interest of justice (*People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914). Were we to review this claim, we would find no repugnancy. Defendant's assault conviction under Penal Law § 120.10 (4) did not require that he also be convicted of burglary, because, under the court's instructions, the jury was entitled to convict defendant of felony assault if it found that he had attempted a burglary without successfully committing such crime (*People v Gary*, 162 AD2d 277, *lv denied* 76 NY2d 893).

Under the particular circumstances of the case, the court properly exercised its discretion in charging the jury on the law of justification as it applied to the complainants' use of force against defendant. In light of defendant's extensive testimony about the beating he received from the complainants, the court's instructions served to assist the jury in assessing the evidence. This charge, read as a whole, did not convey to the jury that the court had any opinion on the merits of the case. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.