■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES NELSON, Appellant. [738 NYS2d 603] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered December 1, 1999, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, the sentence imposed thereon is vacated, the robbery in the first degree count of the indictment is dismissed, and a new trial is ordered on the robbery in the second degree and robbery in the third degree counts of the indictment.

The defendant contends that identification evidence should be suppressed as the result of a warrantless arrest in his mother's home in violation of *Payton v New York* (445 US 573). The Supreme Court concluded that the People sustained their burden of proving that entry into the home was valid upon the mother's consent. We decline to disturb that determination, as

it was based on the Supreme Court's assessment of the credibility of the witnesses and is clearly supported by the record (*see, People v Roberts,* 249 AD2d 493; *see also, People v Prochilo,* 41 NY2d 759). The evidence presented at the hearing established that the defendant's mother admitted the officers into her home without any threats or coercion. After being advised that the defendant had participated in a stun gun robbery, the defendant's mother told the officers that the defendant was upstairs, and she tacitly consented to one of the officer's going upstairs to find him (*see, People v Russo,* 243 AD2d 658; *People v Satornino,* 153 AD2d 595).

We agree with the defendant that his conviction of robbery in the first degree (Penal Law § 160.15 [3]) must be reversed as the People failed to present legally sufficient evidence that the stun gun allegedly displayed during the robbery was a "dangerous instrument." No evidence was offered that the stun gun, "under the circumstances in which it [was] used, attempted to be used or threatened to be used [was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). The People's reliance on *People v MacCary* (173 AD2d 646) is misplaced, as in that case evidence was offered at trial that a stun gun, if applied to the body for a sufficient period of time, could cause serious or protracted disfigurement, substantial pain and burns, and, if applied to the eye, loss or impairment of the functioning of the eye.

The count of the indictment charging the defendant with robbery in the first degree must be dismissed. Because the jury did not reach a verdict on any count other than robbery in the first degree, a new trial is required on the counts in the indictment charging robbery in the second degree and robbery in the third degree (*see, People v Charles,* 78 NY2d 1044, 1047; *People v Hubbert,* 212 AD2d 633).

The defendant's remaining contentions are without merit. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.