■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SUGGS, Also Known as WILLIAM SMITH, Appellant. [745 NYS2d 706] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 17, 2000, convicting him of assault in the first degree, unauthorized use of a vehicle in the second degree, criminal contempt in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of assault in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on counts 10, 11, and 12 of the indictment.

We agree with the defendant that the evidence was legally insufficient to support his conviction of assault in the first degree (felony assault) (*see* Penal Law § 120.10 [4]). The People failed to establish that the assault was committed in furtherance of the underlying felony of unauthorized use of a vehicle in the second degree (*see People v Williams,* 255 AD2d 610, 611). Since the defendant was acquitted of all of the other predicate felonies with which he was charged, and the jury was not instructed that it could convict him of felony assault based upon the attempted commission of one of the predicate felonies, his conviction of assault in the first degree must be reversed and that count of the indictment dismissed (*cf. People v Ladson,* 209 AD2d 640; *People v Butler,* 187 AD2d 439; *People v Gary,* 162 AD2d 277; *People v Littlejohn,* 83 AD2d 856, 857).

Because the jury did not reach a verdict on the counts of the indictment charging the defendant with assault in the second degree (*see* Penal Law §§ 120.05 [1], [2]) and assault in the

third degree (*see* Penal Law § 120.00 [1]), a new trial is required on those counts (*see People v Charles,* 78 NY2d 1044, 1047; *People v Nelson,* 292 AD2d 397; *People v Hubbert,* 212 AD2d 633, 634-635). The jury was instructed not to consider the counts charging the defendant with assault in the second degree and assault in the third degree if it found him guilty of assault in the first degree. Since those counts were submitted to the jury (*cf.* CPL 300.40 [7]) but not considered, retrial of those counts will not violate double jeopardy principles (*see People v Charles, supra; People v Jackson,* 20 NY2d 440, 446-453, *cert denied* 391 US 928; *People v Sanchez,* 276 AD2d 723, 724; *People v Galisia,* 276 AD2d 712, 713; *People v Gonzalez,* 221 AD2d 203, 207). Accordingly, a new trial is ordered on counts 10, 11, and 12 of the indictment, charging the defendant with the crimes of assault in the second degree (two counts) and assault in the third degree.

The defendant's remaining contention is without merit. Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.