■ In the Matter of JON PAUL LAZARTES, Petitioner, v JOHN P. WALSH et al., Respondents. [829 NYS2d 176]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the retrial of the petitioner in an action entitled *People v Lazartes,* pending in the Supreme Court, Kings County, under indictment No. 520/00, on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner, while operating a vehicle on a limited access highway at speeds of approximately 100 miles per hour, engaged in what witnesses described as a "race-chase" or "cat-and-mouse" game with the operator of another vehicle. In the course of this activity, the petitioner's vehicle collided with the rear of a third vehicle, killing two passengers in that vehicle, and injur-

ing five others (*see People v Lazartes,* 23 AD3d 400, 404-405 [2005]). The petitioner thereafter was charged with, inter alia, depraved indifference murder in the second degree (two counts) and, as a lesser included offense, reckless manslaughter in the second degree (two counts). He was also charged with depraved indifference assault in the first degree (five counts) and, as a lesser included offense, reckless assault in the second degree (five counts). At the petitioner's trial, the Supreme Court submitted these lesser included offenses to the jury, and instructed it only to consider those counts if it did not convict the petitioner of the greater offenses. The petitioner was convicted, upon a jury verdict, inter alia, of depraved indifference murder in the second degree (two counts), depraved indifference assault in the first degree, and reckless assault in the second degree (two counts). In a prior decision and order, we reversed the convictions of murder in the second degree and assault in the first degree on the ground that the People failed to adduce legally sufficient evidence of the petitioner's depraved indifference to human life, and dismissed those counts of the indictment. We reversed the convictions of assault in the second degree on the ground of unrelated trial errors, and remitted the matter "for a new trial on the remaining counts of the indictment" (*People v Lazartes, supra* at 400-401). When the People attempted to retry the petitioner on the third and fourth counts of the indictment, alleging that he committed manslaughter in the second degree in connection with the deaths of two of the victims of the collision, the petitioner commenced the instant proceeding seeking a writ of prohibition barring the retrial on the ground that it would twice place him in jeopardy for the same offense. We deny the petition and dismiss the proceeding on the merits.

Because the jury did not reach a verdict on the counts of the indictment charging the defendant with manslaughter in the second degree (*see* Penal Law § 125.15 [1]), a new trial is required on those counts (*see People v Charles,* 78 NY2d 1044, 1047 [1991]; *People v Suggs,* 296 AD2d 559, 559-560 [2002]; *People v Nelson,* 292 AD2d 397 [2002]; *People v Hubbert,* 212 AD2d 633, 634-635 [1995]). The jury was instructed not to consider those counts if it found the petitioner guilty of murder in the second degree. Since the counts of manslaughter in the second degree were submitted to the jury (*cf.* CPL 300.40 [7]; *but cf. People v Biggs,* 1 NY3d 225, 227-228 [2003]) but not considered because the jury found the petitioner guilty of murder in the second degree, retrial on manslaughter in the second degree will not violate double jeopardy principles (*see People v Charles, supra; People v Jackson,* 20 NY2d 440, 446-453 [1967],

*cert denied* 391 US 928 [1968]; *People v Suggs, supra* at 559-560; *People v Sanchez,* 276 AD2d 723, 724 [2000]; *People v Galisia,* 276 AD2d 712, 713 [2000]; *People v Gonzalez,* 221 AD2d 203, 207 [1995]).

Moreover, and contrary to the petitioner's contention, the crime of depraved indifference murder in the second degree is not the same offense as reckless manslaughter in the second degree for purposes of double jeopardy analysis (*cf. People v Biggs, supra; People v Johnson,* 14 AD3d 460 [2005]) where, as here, our prior finding that there was legally insufficient evidence to sustain the petitioner's conviction of murder in the second degree applied only to the element of depraved indifference to human life (*see People v Lazartes, supra* at 405; Penal Law § 125.25 [2]), an element which that offense does not share in common with the offense of manslaughter in the second degree (*see* Penal Law § 125.15 [1]).

Accordingly, there is no bar to a new trial on the third and fourth counts of the indictment charging the petitioner with manslaughter in the second degree. Krausman, J.P., Goldstein, Florio and Lifson, JJ., concur.