■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURRELL WILLIAMS, Appellant. [919 NYS2d 904]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered January 5, 2009, convicting him of assault in the first degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the verdict convicting him of assault in the first degree (felony assault) (Penal Law § 120.10 [4]), but acquitting him of the other felonies charged in the indictment, was not repugnant. There is no requirement that the defendant be found guilty of a completed felony in order to sustain a conviction of felony assault (*see People v Ladson,* 209 AD2d 640 [1994]; *People v Butler,* 187 AD2d 439 [1992]; *People v Littlejohn,* 83 AD2d 856 [1981]). The jury had the option to base its verdict on the attempted commission of burglary, as the trial court instructed (*see People v Ladson,* 209 AD2d 640 [1994]; *cf. People v Suggs,* 296 AD2d 559 [2002]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484, 492 [2008]) and, in any event, is without merit (*see People v Contes,* 60 NY2d 620 [1983]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Contrary to the defendant's contention, the testimony of certain prosecution witnesses was not incredible. Despite their prior involvement with the purchase and sale of illegal drugs and one witness's criminal history, the jury could reasonably credit their testimony.

The defendant's sentence was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Covello, J.P., Hall, Lott and Cohen, JJ., concur.