OPINION OF THE COURT
Joel M. Goldberg, J.
The defendant’s motion, dated February 3, 2012, to preclude his retrial on charges of murder in the second degree (the sole remaining charge in the indictment as will be discussed below) as well as the lesser included offenses of manslaughter in the first and second degrees on grounds of double jeopardy, upon consideration of the People’s response, dated March 12, 201 [2], and the defendant’s reply, dated April 2, 2012, is granted to the extent indicated herein.
Procedural History
The defendant was convicted after a jury trial before this court of murder in the second degree and criminal possession of a weapon in the second degree and sentenced on October 16, 2008 to concurrent prison terms of 25 years to life on the murder charge and 15 years plus five years postrelease supervision on the weapons charge. Following a hearing on the defendant’s motion pursuant to CPL article 440 to vacate the judgment, this court vacated the murder conviction on the ground that the defendant received ineffective assistance of counsel but did not vacate the weapons conviction, finding that the deficient performance by defense counsel had no impact on the weapons conviction. (People v Canales, 33 Misc 3d 1222[A], 2011 NY Slip Op 52078[U] [2011].) (For purposes of this decision, familiarity with that earlier decision will be assumed.)
In a motion to reargue that decision, the defendant raised for the first time the claim that retrial of the vacated murder conviction should be barred on double jeopardy grounds due to the legal insufficiency of the evidence at the first trial. In a decision and order of December 13, 2011, this court declined to hear this double jeopardy claim, because it had not been raised in the original motion and noted that this claim required a new motion.
*195 The People did not appeal from the vacatur of the murder conviction. The defendant’s direct appeal from the weapons conviction is pending before the Appellate Division. Also pending is the defendant’s application for leave to appeal from that part of this court’s decision denying the motion to vacate the weapons conviction.
The Present Motion
The defendant contends his retrial is barred by double jeopardy principles, contending that the evidence at his trial was legally insufficient to establish not only an intent to kill the deceased, whose name was Antonio Bruce, but also that the evidence was legally insufficient to establish either manslaughter in the first or second degrees. (Although not contained in the indictment, the jury was charged on both degrees of manslaughter as lesser included offenses of the murder charge; however, because the jury convicted the defendant of the murder charge, the jury, as instructed, did not return a verdict on either of the manslaughter charges.)
The defendant’s motion, as noted by the People in their answer, does not cite any specific authority, other than “double jeopardy,” for the court, after vacating the murder conviction due to ineffective assistance of counsel, now to review the sufficiency of the trial evidence and bar a retrial. However, CPL 210.20 (1) (e) specifically provides the authority, upon motion of a defendant, to dismiss an indictment or any count thereof on the ground that the prosecution is barred pursuant to CPL 40.20 by reason of a previous prosecution, and, further, CPL 210.20 (1) (h) allows for a dismissal based on the existence of some other legal impediment to the conviction other than what might be specifically covered in CPL 40.20.
The People assert that because this court’s prior decision vacating the murder conviction was based solely on a finding that the defendant received ineffective assistance of counsel, that decision does not now provide a basis to bar a retrial based on legally insufficient evidence despite the comments made by this court in that decision concerning the lack of evidence to show that the defendant intentionally shot anyone. This court agrees with the People’s position. Because the issue of the legal sufficiency of the evidence to sustain the murder charge was not before this court on the CPL 440 motion, whatever comments were made in that decision concerning the legal sufficiency of that evidence were dicta. What is now pending is a new motion requiring a review de novo of the legal sufficiency *196 of the evidence which, for the reasons to be discussed below, this court has a duty to decide.
First, it is without question, despite the lack of citation to statute or case law in the defense motion, that a trial court has the authority to consider a constitutional double jeopardy claim and bar a retrial if appropriate. Because a defendant’s right not to be retried in violation of double jeopardy principles would be violated not only by a conviction after the retrial but also by the very process and consequent ordeal of the retrial itself, a defendant whose pretrial double jeopardy claim is denied by a trial court may with some exceptions, nevertheless, obtain a writ of prohibition in state court to bar a retrial. (See e.g. Matter of Johnson v Morgenthau, 69 NY2d 148 [1987]; Matter of Rush v Mordue, 68 NY2d 348, 354 [1986]; Matter of Di Lorenzo v Murtagh, 36 NY2d 306, 309-310 [1975]; Matter of Kraemer v County Ct. of Suffolk County, 6 NY2d 363 [1959]; Matter of Hoffler v Jacon, 72 AD3d 1183 [3d Dept 2010]; Matter of Lazartes v Walsh, 36 AD3d 917 [2d Dept 2007].) If unsuccessful in barring the retrial in state court, a defendant may seek a writ of habeas corpus in federal court prior to the second trial taking place in order to vindicate the double jeopardy protection of the Federal Constitution. (See e.g. Greene v Massey, 437 US 19 [1978]; Sharpton v Turner, 964 F2d 1284, 1286 [2d Cir 1992]; Drayton v Hayes, 589 F2d 117, 121 [2d Cir 1979].)
If this court had denied the defendant’s CPL 440 motion to vacate the murder conviction, the defendant would have had an opportunity to raise on direct appeal both the issue of ineffective assistance of counsel as well as the present issue of the legal sufficiency of the evidence to support the murder conviction. It would have been possible on such an appeal for the defendant to have obtained a ruling that the evidence supporting the murder charge, and possibly also the lesser included manslaughter offenses, was indeed legally insufficient. In that event, there would have been no retrial. (See Burks v United States, 437 US 1 [1978] [where a defendant appeals seeking a new trial based on trial error and the reviewing court finds legally insufficient evidence to support the conviction, the double jeopardy clause bars a retrial, even though the defendant sought a retrial as a remedy on appeal].)
Because in this case the defendant was successful on his CPL 440 motion in vacating the murder conviction on grounds of ineffective assistance of counsel and the People chose not to take an appeal from that decision, it is the People’s position *197 that the defendant now must face retrial on the vacated murder charge without the trial court reviewing the sufficiency of the evidence at the first trial. However, there appears to be no sound policy reason why this court should not undertake the same review of the legal sufficiency of the evidence at the first trial convicting the defendant of murder that an appellate court would have undertaken on the defendant’s direct appeal if the murder conviction had been upheld on the defendant’s CPL 440 motion.
As a matter of state law judicial policy, a writ of prohibition may not be obtained by a defendant claiming double jeopardy who seeks to bar a retrial where the retrial was granted on grounds other than insufficiency of evidence. (Matter of DiSimone v Adler, 67 AD3d 677 [2d Dept 2009] [following a federal habeas corpus petition granting a new trial based on legal error, the sufficiency of the evidence may not be reviewed by means of a CPLR article 78 proceeding claiming double jeopardy]; Rafferty v Owens, 82 AD2d 582, 584-586 [2d Dept 1981] [following a hung jury, a defendant may not obtain a writ of prohibition barring a retrial upon a claim that the evidence was legally insufficient; such a claim is in reality an interlocutory appeal from the trial court’s denial of a trial order of dismissal, and the issue of the legal sufficiency of the evidence at the first trial may be raised upon an appeal should the second trial result in a conviction].)
In such cases, as is the situation in this case, where a new trial is ordered for reasons other than insufficiency of the evidence, as noted in Rafferty v Owens, the trial court’s denial of a trial order of dismissal reviewing the legal sufficiency of the evidence is deemed to be an adequate protection to prevent an unconstitutional retrial. However, under the unusual circumstances of this case, undisputed information was brought to this court’s attention following the denial of the defendant’s motion for a trial order of dismissal that the defendant, in fact, did not kill the person the prosecutor and defense counsel at trial claimed the surveillance video in evidence showed he chased and shot. Only subsequent to the trial was it agreed that the person being chased in the video was Martin Gustave, not the deceased, Antonio Bruce, who was acknowledged to be seen in the video as a bystander to the chase.
Therefore, the defendant, despite whatever remedy may exist on appeal should there be a conviction after a second trial, has never been afforded a proper review by the trial court of the *198 legal sufficiency of the evidence at the first trial. Such a review would furnish the protection against the defendant being unconstitutionally tried for a second time if the evidence at the first trial was legally insufficient — a protection that was presumed to exist in Rafferty v Owens — but did not happen in this case.
Finally, the People argue, without citation to authority, that the court should decline to review the sufficiency of the evidence “for reasons of judicial economy,” because the issue of the sufficiency of the evidence to support the murder conviction can be reviewed by the Appellate Division if the defendant’s leave application regarding the CPL 440 motion is granted. However, as the People have correctly argued in their current papers, the legal sufficiency of the evidence regarding the murder conviction was not before this court on the CPL 440 motion.
Further, the court’s decision dismissing the murder conviction on grounds of ineffective assistance of counsel was not adverse to the defendant. (See CPL 470.15 [1] which states that upon an appeal to the Appellate Division from a judgment, sentence, or order, the Appellate Division may “consider and determine any question of law or issue . . . which may have adversely affected the appellant” [emphasis supplied].) Because the murder conviction was vacated on grounds of ineffective assistance of counsel, this court’s decision not to vacate that conviction on other grounds, such as insufficiency of evidence or prosecutorial misconduct, did not adversely affect the defendant. Therefore, issues concerning the sufficiency of the evidence or prosecutorial misconduct regarding the dismissed murder conviction would not be reviewable by the Appellate Division on either the defendant’s direct appeal from the judgment convicting him of the weapons charge dr on his potential appeal from the denial of his CPL 440 motion.
Considerations of judicial economy, as well as law (i.e., the defendant’s above-discussed entitlement to have at least the trial court review his double jeopardy claim prior to a second trial pursuant to CPL 210.20 [1] [e] and [h]) and equity (i.e., the impaired opportunity for the trial court to consider the legal sufficiency of the actual evidence of the defendant’s intent to kill at the close of the first trial), would, in fact, favor this court’s now reviewing the legal sufficiency of the evidence at the first trial. If this court should find the evidence insufficient and dismisses the murder charge, the People would have the right to appeal that decision in which case the sufficiency of the *199 trial evidence concerning the murder charge could be reviewed concurrently with the defendant’s appeal from that same trial which resulted in the weapons conviction.
For the above reasons, this court will consider the double jeopardy claim.
The Legal Sufficiency of the Evidence Establishing a Homicide at the First Trial
“Legally sufficient evidence” means competent evidence which if accepted as true would establish every element of an offense and the defendant’s commission thereof (CPL 70.10 [1]) and is required for a conviction after a trial (CPL 70.20). In this case, the trial evidence showed, and there is no dispute, that the defendant shot Antonio Bruce and caused his death. It is only the defendant’s intent that is at issue.
The evidence at the first trial showed that only a single shot was fired during the incident. This is also not in dispute. What is at issue is whether the evidence at the first trial was legally sufficient to show that the single shot fired by the defendant was done with the intent to cause the death of a person, serious physical injury to a person, or was a reckless or criminally negligent act.
The People argue that the jury’s verdict finding the defendant guilty of murder established that the defendant had an intent to kill Martin Gustave, the person being chased. Even though the jury believed, based on the arguments of counsel, that Antonio Bruce was the person being chased by the defendant, the People further argue that the jury’s finding of the defendant’s intent to kill Martin Gustave may now be “transferred” to provide legally sufficient evidence of the defendant’s intent to kill, even though the person actually killed was not the person being chased.
However, the flaw in the People’s argument is that it attempts to pull itself up by its own bootstraps. The jury’s finding of an intent to kill was based on the argument that because the defendant killed the person being chased, the defendant’s chase demonstrated a homicidal intent towards that person. But once it is recognized that the defendant did not kill the person being chased, the jury’s finding of an intent to kill that person is undermined and cannot now serve as a basis to conclude that the defendant had a homicidal intent.
Further, there was no evidence that the defendant actually attempted to shoot Martin Gustave by firing the gun at him, *200 even though the video showed that the defendant had an opportunity to do so, particularly when Martin Gustave fell to the pavement. The absence of evidence of an actual attempt to shoot Martin Gustave would, in fact, support the contrary conclusion that the defendant, because he did not shoot Martin Gustave, did not have a homicidal intent towards him.
Therefore, the jury’s verdict which was based on an erroneous belief that the defendant actually shot the person being chased, cannot support an assertion that the jury found that the defendant had an intent to kill that person.
The People further argue that the closeness in time between the events in the video and the shooting would support the conclusion that the shooting occurred while the pursuit was taking place. This assertion depends more on imagination than the evidence actually adduced at the trial.
Although the People posit that the chase on the video and the shooting were “concurrent” (without defining “concurrent”— obviously they were not “simultaneous,” otherwise the shooting also would have been on the video), the evidence at trial did not establish how much time actually transpired between the two events. The video did not depict the shooting itself, and the trial evidence did not even establish whether the single, fatal shot was fired before or after the chase depicted in the video.
The ambiguity of the evidence as to when the shot was fired is exemplified by the arguments the attorneys made to the jury during the trial as to whether the person being chased was shot before he entered the picture from the left or after he exited the picture from the right. It was only after the trial when it was disclosed that the deceased Antonio Bruce was depicted in the video as a bystander to the chase that it could be concluded that Antonio Bruce was shot some time after the events in the video. Thus, the evidence at trial did not disclose with any level of certainty, the sequential relationship between the chase seen in the video and the shooting.
The People’s argument that the trial evidence (based on the time stamp on the video and the testimony of Police Officer Carrasco [who did not witness the shooting]) showed that the shooting was “concurrent with the defendant’s actions seen on the video,” establishes nothing more than that the shooting took place close in time to the events in the video. However, given the fast moving pace of the events in question, projecting what took place before or after the events shown in the video does not disclose what was happening at the time the gun discharged.
*201 The evidence at trial did not establish where at the time the gun was discharged the defendant, Martin Gustave, and Antonio Bruce were situated in relation to each other, or to the scene depicted in the video, or even what they were doing at the time. Without knowing where Martin Gustave was in relation to the defendant at the time of the shooting, it is complete speculation to assert that the defendant intended to shoot Martin Gustave, or anyone else, when the gun discharged and struck Antonio Bruce.
It is of critical importance that there was no evidence other than the defendant’s own statement to show what the defendant was doing when the gun discharged, and that statement asserted that the gun accidentally discharged when someone in the crowd of people grabbed his arm.
Thus, the evidence was legally insufficient to show that the defendant had either an intent to kill or cause serious physical injury to anyone, which are elements necessary to support charges of murder in the second degree, the sole charge now remaining, or the lesser included offense of manslaughter in the first degree (Penal Law § 125.20 [1] [with intent to cause serious physical injury to another person, causes the death of such person or of a third person]).
In evaluating the legal sufficiency of the evidence upon a motion to dismiss a charge, the court must view the evidence in a light most favorable to the People. (People v Contes, 60 NY2d 620, 621 [1983]; People v Vasquez, 142 AD2d 698 [2d Dept 1988].) Although the evidence was not legally sufficient to support an intentional shooting, the trial evidence, viewed in a light most favorable to the People, was legally sufficient to support a conviction for manslaughter in the second degree (Penal Law § 125.15 [1] [recklessly causes the death of another person]).
The defendant’s own statement claimed that he brought what he believed to be an unloaded gun to the scene merely to scare people (as further evidenced by his chase of Martin Gustave). According to the statement, the defendant acted in response to a volatile street-gang territorial dispute over his presence at the scene earlier that evening. Furthermore, the jury would have had a right to reject that self-serving portion of the defendant’s statement claiming that he did not believe the gun was loaded but that, nevertheless, he carried it into the teeth of a potential gang confrontation.
Knowingly bringing a loaded gun into such a situation and then chasing someone with it, where there were numerous other *202 people present, may qualify as reckless behavior under Penal Law § 15.05 (3), and when such behavior results in the shooting death of another, a charge of manslaughter in the second degree would be established.
The Remedy
Because the trial evidence was legally insufficient to establish that the defendant intentionally shot anyone, double jeopardy principles now bar the People from re-trying the defendant on either charges of murder in the second degree or the lesser included offense of manslaughter in the first degree.
Accordingly, because murder in the second degree is the only remaining charge in the indictment, the indictment is dismissed.
However, the trial evidence was legally sufficient to establish the charge of manslaughter in the second degree, also a lesser included offense of murder in the second degree, on which the jury was charged but on which it did not reach a verdict, because, as instructed, that charge was not considered once the jury had decided to convict of murder in the second degree.
Even though the evidence has been found to have been legally insufficient to sustain the murder conviction, double jeopardy principles do not bar a retrial on a lesser included offense which was charged to the jury but on which no verdict was returned. (Matter of Suarez v Byrne, 10 NY3d 523 [2008], rearg denied 11 NY3d 753 [2008] [retrial on a charge of manslaughter in the first degree is not barred by double jeopardy principles where the jury, as instructed, did not consider that charge due to the jury’s verdict acquitting of intentional murder and convicting of depraved indifference murder and a subsequent reversal on appeal of the conviction for depraved indifference murder based on the legal insufficiency of the evidence that defendant acted with depraved indifference to human life].)
Because the indictment in this case did not contain a charge of manslaughter in the second degree as a lesser included offense of the now dismissed charge of murder in the second degree, the defendant cannot now be tried on a charge of manslaughter in the second degree. Accordingly, the People have leave to re-present appropriate charges to another grand jury. (People v Mayo, 48 NY2d 245, 252 [1979].)